**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| |
|---|
| **STATE OF RHODE ISLAND** |
| **v.** |
| **KEYSPAN LNG, L.P.** |

C.A. [redacted] 05 168S

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331 and 1446, Defendant, Keyspan LNG, L.P. ("KLNG"), submits this Notice of Removal and states as follows:

1. On or about April 14, 2005, the above-captioned action was filed by the Plaintiff against KLNG in the Superior Court of Rhode Island, Providence County (the "State Court"), entitled *State of Rhode Island v. Keyspan LNG, L.P.*, C.A. No. 05-1896. KLNG accepted service of the Complaint through its attorneys, Holland + Knight LLP, on April 14, 2005. A copy of the Summons and Complaint (collectively the "Pleadings") that were filed in the State Court is attached hereto as Exhibit A, and constitutes all process, pleadings and orders purportedly served in the action.

2. The District of Rhode Island embraces the place where the State Court action is pending. 28 U.S.C. § 1446(a).

3. This case is removable because Plaintiff's claims are preempted as they would frustrate federal law and regulations. The doctrine of conflict preemption applies whenever a state law, regulation, or common law rule is an "obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Capital Cities Cable v. Crisp*, 467 U.S. 691, 699 (1984) (citation omitted); *Fry v. Allergan Medical Optics*, 695 A.2d 511, 514 (R.I. 1997); *see*

2

*also Wood v. General Motors Corp.*, 865 F.2d 395, 401, 412, 414 (1st Cir. 1988), *cert. denied*, 494 U.S. 1065 (1990). This doctrine derives from the Supremacy Clause in the United States Constitution, which provides that federal law "shall be the supreme Law of the Land." U.S. Const. art. VI, cl. 2. In applying this doctrine, a state law must be invalidated when it conflicts with a federal law, whether that law is a federal statute or a federal regulation promulgated by a federal agency. *Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153 (1982) ("Federal regulations have no less preemptive effect than federal statutes."). Preemption also applies to any state common law rule – including a rule of state tort law – that conflicts with federal law. *Geier v. American Honda Motor Co.*, 529 U.S. 861, 881 (2000); *Fry v. Allergan Medical Optics*, 695 A.2d 511, 514 (R.I. 1997); *Wood v. General Motors Corp.*, 865 F.2d 395, 401, 412, 414 (1st Cir. 1988), *cert. denied*, 494 U.S. 1065 (1990).

By way of background and as set forth in detail in its various filings in *Keyspan LNG, L.P. v. Rhode Island Coastal Resources Management Counsel, et al.* (D.R.I.) (C.A. No. 05-091S) (the "Federal Court action"), KLNG seeks to modify, construct and operate a liquified natural gas facility along the Providence River in Providence, Rhode Island. The federal Natural Gas Act ("NGA"), 15 U.S.C. §§ 717 *et seq.*, the recodified federal Natural Gas Pipeline Safety Act ("NGPSA"), 49 U.S.C. §§ 60101 *et seq.*, and the federal regulations promulgated thereunder have long been recognized as a "comprehensive scheme of federal regulation" that confer upon the Federal Energy Regulatory Commission ("FERC") "exclusive jurisdiction" over facilities such as the one KLNG proposes in Providence as those statutes govern the transportation and sale of natural gas for resale in interstate and foreign commerce. The NGA, NGPSA, and associated regulations specifically regulate the siting, construction, operation and safety of natural gas facilities and preempt state laws, including common law, and regulations that attempt

to regulate such matters. *National Fuel Gas Supply Corp. v. Pub. Serv. Comm'n of NY*, 894 F. 2d 571, 576-77 (2d Cir.), *cert denied*, 497 U.S. 1990.

In addition, the Submerged Lands Act, 43 U.S.C. §§ 1301 *et seq.* ("SLA"), recognizes the well-established limitation on state ownership of submerged lands. Under both common law and the SLA, states hold title to submerged land subject to the federal government's paramount "rights in and powers of regulation and control of said lands in navigable waters for the constitutional purposes of commerce." 43 U.S.C. § 1314 (a). Section 1314 (a) of the SLA "makes it clear that Congress intended to and did retain all its constitutional powers over commerce and did not relinquish certain portions of the power by specifically reserving others." *Zabel v. Tabb*, 430 F.2d 199, 206 (5th Cir. 1970), *citing* 43 U.S.C. § 1314(a), *cert. denied*, 401 U.S. 910 (1971). It is beyond dispute that the transportation of natural gas from state to state is interstate commerce, that the importation of natural gas is in foreign commerce, and that Congress exercised power over the transportation and sale of gas and interstate and foreign commerce by enacting the preemptive NGA. Thus, if FERC authorizes KLNG to construct and operate its proposed project, it will do so as an exercise of the federal government's paramount right to regulate the transmission and sale of natural gas in interstate and foreign commerce. Moreover, in authorizing KLNG's project, the federal government through FERC will have exercised the rights reserved to it under the SLA and authorized KLNG's use of the land at issue. Accordingly, KLNG is not required to obtain permission from the State to use those lands and any state common law claims, such as the ones raised in the State Court action, are preempted by federal law and regulations. Hence, the State Court action is removable[1].

---

1 KLNG will move to consolidate this removed action into the Federal Court action involving the KLNG project.

Moreover, by answering on behalf of the defendants, asserting a counterclaim against KLNG and filing a motion to substitute itself for the defendants, the State, in this unusual circumstance, has waived its immunity under the Eleventh Amendment in both the Federal and State Court actions. *See Clark v. Barnard*, 108 U.S. 436 (1883) (holding that Rhode Island waived its Eleventh Amendment immunity by asserting itself into a federal law suit); *see also Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 395 (1998) (citing *Clark* for the proposition that "a state's voluntary intervention in federal court action to assert its own claim constitutes a waive of the Eleventh Amendment."). Indeed, the immunity of a state from suit is a privilege which it may waive. The state may waive its immunity by initiating or participating in litigation. Here, the State of Rhode Island has waived its Eleventh Amendment immunity by bringing suit against KLNG in State Court in which it has raised state common law issues specifically related to the proposed KLNG facility along the Providence River. KLNG's defenses to the State Court action, among others, include the same federal preemption arguments KLNG has raised in the Federal Court action in which the State has answered on behalf of the defendants, counterclaimed in the name of the State against KLNG and moved to substitute itself as a party, thus waiving its Eleventh Amendment immunity. Because the State, through its actions in both federal and state court on the same project, involving the same claims, has effectively waived its Eleventh immunity from suit regarding the KLNG project, this action is removable.

4. This Notice of Removal is being filed with this Court within thirty (30) days after KLNG first received a copy of a pleading, amended pleading, motion, order or other paper from which it could first ascertain that the action was removable.

5. Written notice of filing of this Notice of Removal will be given to Plaintiff, and a copy will be filed in the State Court, as required by 28 U.S.C. § 1446(d).

6. In filing this Notice of Removal, KLNG does not waive any defenses that may be available to it.

WHEREFORE, Defendant, Keyspan LNG, L.P., respectfully submits that this Notice of Removal complies with the statutory removal requirements and respectfully requests that the action now proceeding against it, entitled *State of Rhode Island v. Keyspan LNG, L.P.*, C.A. No. 05-1896, be removed from the Superior Court of the State of Rhode Island, Providence County, that this action proceed in this Court as a properly removed action and that the Defendant have such other and further relief as this Court may deem just and proper.

Dated: April 22, 2005.

Respectfully Submitted,

**KEYSPAN LNG, L.P.**
By its Attorneys,

Gregory L. Benik, Esq. (#1515)
John P. Walsh (#6709)
HOLLAND & KNIGHT LLP
One Financial Plaza, Suite 1800
Providence, RI 02903
Telephone: (401) 751-8500
Facsimile: (401) 553-6850

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a copy of the foregoing was mailed to following on this 22nd day of April, 2005.

**COUNSEL FOR**
**THE STATE OF RHODE ISLAND**
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**
**(Counsel of Record)**

Michael Rubin, Esq. (#3656)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2116

Paul J. Roberti, Esq. (#4447)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2231

**COUNSEL FOR**
**CITY OF WARWICK**
**(Courtesy Copy)**

Peter Ruggiero, Esq. (#5733)
Assistant City Solicitor
Ruggiero, Orton & Brochu
20 Centerville Road
Warwick, RI 02886

**COUNSEL FOR CRMC**
**(Counsel of Record)**

Brian A. Goldman, Esq. (#3940)
681 Smith Street
Providence, RI 02908
(401) 521-4100

**COUNSEL FOR**
**CITY OF EAST PROVIDENCE**
**(Courtesy Copy)**

W. Mark Russo, Esq. (#3937)
Christopher M. Mulhearn
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

William J. Conley, Jr., Esq. (#2149)
City Solicitor – City of East Providence
East Providence City Hall
145 Taunton Avenue
East Providence, RI 02914

**COUNSEL FOR**
**CITY OF PROVIDENCE**
**(Courtesy Copy)**

Adrienne G. Southgate, Esq. (#3363)
Deputy City Solicitor
City of Providence
Department of Law
275 Westminster Street, Suite 200
Providence, RI 02903

Laura Jeanne Verdecchia

# 2783913_v1

(A)

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC**

**SUPERIOR COURT**

**STATE OF RHODE ISLAND** :
:
:
**vs.** : **C.A. No. 05-** 1896
:
:
**KEYSPAN LNG, L.P.** :
:

12840

# COMPLAINT

## INTRODUCTION

The people of the State of Rhode Island seek herein to establish their rightful title and interest in the submerged bottom of the Providence River, and to enjoin defendant from driving piles and constructing facilities on 450 square feet of the bed (and associated surface areas) without the State's granting of a deed, lease or license.

## PARTIES

1. Plaintiff, State of Rhode Island, is a body politic and sovereign state of the United States of America.

2. Defendant KeySpan LNG, L.P., is a limited partnership doing business at 21 Terminal Road in Providence, Rhode Island.

## FACTS

3. KeySpan LNG, L.P. (hereafter referred to as "KeySpan") intends to, inter alia, construct and install certain liquefied natural gas facilities at 21 Terminal Road in Providence, Rhode Island, and also in the submerged land under the Providence River adjacent to said location.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

FILED
HENRY S. KINCH JR., CLERK
2005 APR 14 A 11: 0

INR
NN
2583

4. The activities proposed by KeySpan include the driving of piles into the Providence River bottom to support a ship berth and unloading facilities, as well as the anchorage of a construction barge in the same vicinity, and the eventual berthing of large LNG delivery vessels at the facility.

5. The aquatic sediments at the location where the proposed piles will be driven into the submerged bottom are considered highly contaminated with industrial pollutants.

6. The proposed activities by KeySpan will disturb the highly-contaminated bed soil and adversely impact the surface water quality in the vicinity.

7. The surface water which will be adversely impacted from the release of the contaminated sediments associated with KeySpan's proposed activities is owned by the Plaintiff State of Rhode Island.

8. As a direct result of KeySpan's proposed construction and installation activities the potential exists for a spill or release of hazardous materials, such as fuel or lubricants, and any such spill or release would adversely impact the surface and/or groundwater in the vicinity.

9. The groundwater and surface water which would be adversely impacted from a spill or release of hazardous substances are vital natural resources owned by the Plaintiff State of Rhode Island.

10. The process of driving piles into the bed will create underwater noise energy which will disturb the existing benthic community, and could also harm fish, or reduce fish usage of the area.

11. The fish and benthic community which will be disturbed by KeySpan's proposed pile driving and other activities are important natural resources owned or managed by the State of Rhode Island.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

12. The reduced fish usage of the area resulting from KeySpan's proposed activities will adversely impact recreational fishing opportunities in the vicinity that have been enjoyed by the public for centuries.

13. Following KeySpan's proposed construction activities, it intends to occupy approximately 450 square feet of the bed with piles and/or piers or related structures on a long-term basis as well as impose superstructures on the water's surface.

14. The piers, piles and/or related structures planned to be constructed by KeySpan will not be located in the "federal channel" portion of the Providence River.

15. The State of Rhode Island owns the submerged areas of the Providence River where KeySpan intends to construct its piles, piers and/or related structures.

16. The laws of the State of Rhode Island set forth a procedure which must be followed in order to obtain a right to use submerged lands such as the bed in question, or to obtain title to such land.

17. Notwithstanding its lack of ownership of, or other possessory interest in, the submerged bed of the Providence River, KeySpan has not availed itself of the options provided under State law to gain title to, or make use of, the submerged bed.

18. Upon information and belief, KeySpan does not believe that permission of the State of Rhode Island, or title to the subject property, is required to be obtained before undertaking the proposed construction and installation activities.

19. KeySpan intends to immediately commence construction of the piles, piers and/or related structures without first obtaining title to the property, or a right to use it, from the owner, i.e., the State of Rhode Island.

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

20. KeySpan's commencement of construction, and subsequent occupancy of approximately 450 square feet of the Providence River bed, will constitute an unlawful trespass, and will harm the public's interest in continued use of the subject property.

21. The 450 square feet of bed (and associated water surface) KeySpan intends to occupy with piers and other structures is presently available to and used by the public for navigation purposes, and recreation, including fishing and boating.

22. The Court's grant of an injunction to prohibit the proposed construction activities and occupancy of the submerged land by KeySpan will preserve the status quo.

23. In the absence of the relief requested herein, Plaintiff has no adequate remedy at law to prevent the adverse impacts to the State's natural resources and public rights which will result from KeySpan's proposed activity.

24. A Rhode Island Coastal Resources Management Council "Assent", or a resolution of the General Assembly duly enacted into law, is required for the proposed activity because the proposed project is located in the Providence River.

**COUNT ONE**

"Declaratory Relief in the Nature of a Quiet Title Suit"

25. Plaintiff realleges, and incorporated herein, the allegations contained in paragraphs 1-24 of this Complaint.

26. WHEREFORE, Plaintiff respectfully requests that the Court grant it a Declaratory Judgment affirming that the State of Rhode Island possesses a seisan in fee title interest in the submerged land which is the subject of this lawsuit, and that KeySpan has not obtained a license, permit, lease, or grant from the General Assembly, to use the submerged land from the State of Rhode Island.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

## COUNT TWO

"Encroachment on Public Right"

27. Plaintiff realleges herein the allegations contained in paragraphs 1-24 of this Complaint.

28. Defendant intends to encroach upon public rights to use and enjoy property which belongs to the public through the aforesaid construction activities, and subsequent long-term private use of 450 square feet of the Providence River bed.

29. WHEREFORE, Plaintiff requests that Defendant be temporarily, preliminarily and permanently enjoined from encroaching upon the public's rights to use and enjoy its property beneath the Providence River, and the waters above it.

## COUNT THREE

"Trespass"

30. Plaintiff realleges herein the allegations contained in paragraphs 1-24 of this Complaint.

31. The activities which the Defendant anticipates conducting in the submerged land beneath the Providence River constitutes a trespass upon property owned by the State of Rhode Island.

32. WHEREFORE, Plaintiff requests that Defendant be temporarily, preliminarily, and permanently enjoined from trespassing on the submerged land beneath the Providence River.

## COUNT FOUR

"Public Nuisance"

33. Plaintiff realleges herein the allegations contained in paragraphs 1-24 of this Complaint.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

34. The proposal encroachment by Defendant on the public's land will constitute a public nuisance.

35. WHEREFORE, Plaintiff requests that the Court temporarily, preliminarily and permanently enjoin Defendant from encroaching upon the public's property beneath the Providence River.

Respectfully submitted,

STATE OF RHODE ISLAND
By its Attorney,

Terence J. Tierney, (#2583)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 Ext. 2307
Fax: (401) 222-3016

\\Attg5\Civil\M. Rubin\CASES\Keyspan\RI v. KeySpan\Pleadings RI v. KeySpan\Complaint Mike's revisions with extra revisions, changes accepted.doc

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

# STATE OF RHODE ISLAND SUPERIOR COURT

## CIVIL CASE COVER SHEET

Case * (Filled in by Clerk's Office) 05-1896

This form must be filed with each original document that comences a civil proceeding in the Clerk's Office (R.P.3.11). If the case is a District Court appeal. The form must be filed with the appeal in the District Court and will be transferred with other documents to the Superior Court.

| PLAINTIFFS: | DEFENDANTS: |
|---|---|
| State of Rhode Island | KeySpan LNG, L.P. |

NATURE OF PROCEEDING — Check the applicable case type under main categories listed below. (check one only)

District Court Appeal ☐ Yes (check type below)

- ☐ AGA Agency appeal
- ☐ ALA Alienation of affection
- ☐ ANT Anti-trust
- ☐ ASB Assault and battery
- ☐ BKA Book account
- ☐ CLA Common law assignment
- ☐ CLL Common law lien
- ☐ CON Contract
- ☐ CNV Conversion
- ☐ CRC Criminal conversation
- ☐ CIC Criminal inj. compensation
- ☐ DOJ Debt on judgment
- ☐ DTP Deceptive trade practice
- ☒ DEJ Declaratory judgment
- ☐ DPC Denial of probate claim
- ☐ EXT Excessive tax
- ☒ INR Injunctive relief
- ☐ IPL Interpleader
- ☐ LIB Libel/slander
- ☐ MLE Malpractice/legal
- ☐ MME Malpractice/medical
- ☐ MOT Malpractice/other
- ☐ WOM Mandamus. Writ of
- ☐ PRT Partition
- ☐ PER Personal injury
- ☐ IDV Personal inj./property dam-vehicle
- ☐ PIV Personal injury-vehicle
- ☐ PRL Product liabilty
- ☐ PRN Promissory note
- ☐ PDM Property damage
- ☐ PDV Property damage / vehicle
- ☐ RLP Real property
- ☐ RIC Reinstate charter
- ☐ DIN Recovery of damages/insurance
- ☐ ROF Recovery of funds
- ☐ WOR Replevin, writ of
- ☐ SPP Specific performance
- ☐ TCO Title clearing (other than tax title)
- ☐ TAE Trespass and ejectment
- ☐ TRA Trustee/accounting
- ☐ TCT Trustee/appt convey title
- ☐ UNM Uninsured motorist
- ☐ WRD Wrongful death

☐ Other than above (specify type):

### MISCELLANEOUS PETITIONS

- ☐ ARA Arbitration award
- ☐ CAR Arbitration /confirm
- ☐ RTA Arbitration referral
- ☐ VAR Arbitration / vacate
- ☐ AOD Assessment of damages
- ☐ CND Condemnation
- ☐ CFC Confirm compromise
- ☐ DOC Dissolution of corp.
- ☐ EDP End partnership
- ☐ FRR Forclosure of right redemption
- ☐ TLF Foreclosure / tax lien
- ☐ FOC Forfeiture of charter
- ☐ GJI Grand jury investigation
- ☐ HAC Habeas corpus
- ☐ MAW Material witness
- ☐ MEL Mechanics lien
- ☐ OSW Out of state witness
- ☐ PFS Perform surgery
- ☐ PFC Petition for constable
- ☐ PTE Petition to expunge
- ☐ PFI Petition for immunity
- ☐ PIN Pet for inventory (wire tap)
- ☐ PFR Petition for review
- ☐ PTD Pet to take deposition
- ☐ PCR Post conviction relief
- ☐ REC Receivership
- ☐ R5A Rule 5A petition
- ☐ TCL Title clearing (tax title)
- ☐ AOT Trustee / appointment of
- ☐ DOT Trustee / declination of
- ☐ AOS Trustee successor

☐ Other than above (specify type):

### PROBATE APPEALS

- ☐ WIL Will
- ☐ TRS Trust
- ☐ GRD Guardianship
- ☐ NAC Name change

☐ Other than above (specify type):

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Is this a case that may require a trial for resolution? ☐ Yes ☒ No If yes: ☐ Jury ☐ Non-jury

(Attorney name) Terence J. Tierney
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903

(Date)

SC-223

(2)

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC.**

**SUPERIOR COURT**

**STATE OF RHODE ISLAND**

**v.**

**KEYSPAN LNG, L.P.**

**C.A. No. 05-1896**

# NOTICE OF FILING NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Keyspan LNG, L.P., has removed this action from this Court to the United States District Court for the District of Rhode Island, pursuant to 28 U.S.C. §§ 1331 and 1446.

A true and complete copy of the Notice of Removal, as filed with the United States District Court for the District of Rhode Island is attached as Exhibit A.

Dated: April 22, 2005.

Respectfully Submitted,

**KEYSPAN LNG, L.P.**
By its Attorneys,

Gregory L. Benik, Esq. (#1515)
John P. Walsh (#6709)
HOLLAND & KNIGHT LLP
One Financial Plaza, Suite 1800
Providence, RI 02903
Telephone: (401) 751-8500
Facsimile: (401) 553-6850

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK

2005 APR 22 A 9:24

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing was mailed to following on this 22nd day of April, 2005.

**COUNSEL FOR**
**THE STATE OF RHODE ISLAND**
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**
**(Counsel of Record)**

Michael Rubin, Esq. (#3656)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2116

Paul J. Roberti, Esq. (#4447)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2231

**COUNSEL FOR**
**CITY OF WARWICK**
**(Courtesy Copy)**

Peter Ruggiero, Esq. (#5733)
Assistant City Solicitor
Ruggiero, Orton & Brochu
20 Centerville Road
Warwick, RI 02886

**COUNSEL FOR CRMC**
**(Counsel of Record)**

Brian A. Goldman, Esq. (#3940)
681 Smith Street
Providence, RI 02908
(401) 521-4100

**COUNSEL FOR**
**CITY OF EAST PROVIDENCE**
**(Courtesy Copy)**

W. Mark Russo, Esq. (#3937)
Christopher M. Mulhearn
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

William J. Conley, Jr., Esq. (#2149)
City Solicitor – City of East Providence
East Providence City Hall
145 Taunton Avenue
East Providence, RI 02914

**COUNSEL FOR**
**CITY OF PROVIDENCE**
**(Courtesy Copy)**

Adrienne G. Southgate, Esq. (#3363)
Deputy City Solicitor
City of Providence
Department of Law
275 Westminster Street, Suite 200
Providence, RI 02903

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

# 2783812_v1

(4A)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **STATE OF RHODE ISLAND**<br><br>**v.**<br><br>**KEYSPAN LNG, L.P.** | **C.A. No. 05-** |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331 and 1446, Defendant, Keyspan LNG, L.P. ("KLNG"), submits this Notice of Removal and states as follows:

1. On or about April 14, 2005, the above-captioned action was filed by the Plaintiff against KLNG in the Superior Court of Rhode Island, Providence County (the "State Court"), entitled *State of Rhode Island v. Keyspan LNG, L.P.*, C.A. No. 05-1896. KLNG accepted service of the Complaint through its attorneys, Holland + Knight LLP, on April 14, 2005. A copy of the Summons and Complaint (collectively the "Pleadings") that were filed in the State Court is attached hereto as Exhibit A, and constitutes all process, pleadings and orders purportedly served in the action.

2. The District of Rhode Island embraces the place where the State Court action is pending. 28 U.S.C. § 1446(a).

3. This case is removable because Plaintiff's claims are preempted as they would frustrate federal law and regulations. The doctrine of conflict preemption applies whenever a state law, regulation, or common law rule is an "obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Capital Cities Cable v. Crisp*, 467 U.S. 691, 699 (1984) (citation omitted); *Fry v. Allergan Medical Optics*, 695 A.2d 511, 514 (R.I. 1997); *see*

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

*also Wood v. General Motors Corp.*, 865 F.2d 395, 401, 412, 414 (1st Cir. 1988), *cert. denied*, 494 U.S. 1065 (1990). This doctrine derives from the Supremacy Clause in the United States Constitution, which provides that federal law "shall be the supreme Law of the Land." U.S. Const. art. VI, cl. 2. In applying this doctrine, a state law must be invalidated when it conflicts with a federal law, whether that law is a federal statute or a federal regulation promulgated by a federal agency. *Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153 (1982) ("Federal regulations have no less preemptive effect than federal statutes."). Preemption also applies to any state common law rule – including a rule of state tort law – that conflicts with federal law. *Geier v. American Honda Motor Co.*, 529 U.S. 861, 881 (2000); *Fry v. Allergan Medical Optics*, 695 A.2d 511, 514 (R.I. 1997); *Wood v. General Motors Corp.*, 865 F.2d 395, 401, 412, 414 (1st Cir. 1988), *cert. denied*, 494 U.S. 1065 (1990).

By way of background and as set forth in detail in its various filings in *Keyspan LNG, L.P. v. Rhode Island Coastal Resources Management Counsel, et al.* (D.R.I.) (C.A. No. 05-091S) (the "Federal Court action"), KLNG seeks to modify, construct and operate a liquified natural gas facility along the Providence River in Providence, Rhode Island. The federal Natural Gas Act ("NGA"), 15 U.S.C. §§ 717 *et seq.*, the recodified federal Natural Gas Pipeline Safety Act ("NGPSA"), 49 U.S.C. §§ 60101 *et seq.*, and the federal regulations promulgated thereunder have long been recognized as a "comprehensive scheme of federal regulation" that confer upon the Federal Energy Regulatory Commission ("FERC") "exclusive jurisdiction" over facilities such as the one KLNG proposes in Providence as those statutes govern the transportation and sale of natural gas for resale in interstate and foreign commerce. The NGA, NGPSA, and associated regulations specifically regulate the siting, construction, operation and safety of natural gas facilities and preempt state laws, including common law, and regulations that attempt

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

to regulate such matters. *National Fuel Gas Supply Corp. v. Pub. Serv. Comm'n of NY*, 894 F. 2d 571, 576-77 (2d Cir.), *cert denied*, 497 U.S. 1990.

In addition, the Submerged Lands Act, 43 U.S.C. §§ 1301 *et seq.* ("SLA"), recognizes the well-established limitation on state ownership of submerged lands. Under both common law and the SLA, states hold title to submerged land subject to the federal government's paramount "rights in and powers of regulation and control of said lands in navigable waters for the constitutional purposes of commerce." 43 U.S.C. § 1314 (a). Section 1314 (a) of the SLA "makes it clear that Congress intended to and did retain all its constitutional powers over commerce and did not relinquish certain portions of the power by specifically reserving others." *Zabel v. Tabb*, 430 F.2d 199, 206 (5th Cir. 1970), *citing* 43 U.S.C. § 1314(a), *cert. denied*, 401 U.S. 910 (1971). It is beyond dispute that the transportation of natural gas from state to state is interstate commerce, that the importation of natural gas is in foreign commerce, and that Congress exercised power over the transportation and sale of gas and interstate and foreign commerce by enacting the preemptive NGA. Thus, if FERC authorizes KLNG to construct and operate its proposed project, it will do so as an exercise of the federal government's paramount right to regulate the transmission and sale of natural gas in interstate and foreign commerce. Moreover, in authorizing KLNG's project, the federal government through FERC will have exercised the rights reserved to it under the SLA and authorized KLNG's use of the land at issue. Accordingly, KLNG is not required to obtain permission from the State to use those lands and any state common law claims, such as the ones raised in the State Court action, are preempted by federal law and regulations. Hence, the State Court action is removable[1].

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

1 KLNG will move to consolidate this removed action into the Federal Court action involving the KLNG project.

Moreover, by answering on behalf of the defendants, asserting a counterclaim against KLNG and filing a motion to substitute itself for the defendants, the State, in this unusual circumstance, has waived its immunity under the Eleventh Amendment in both the Federal and State Court actions. *See Clark v. Barnard*, 108 U.S. 436 (1883) (holding that Rhode Island waived its Eleventh Amendment immunity by asserting itself into a federal law suit); *see also Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 395 (1998) (citing *Clark* for the proposition that "a state's voluntary intervention in federal court action to assert its own claim constitutes a waive of the Eleventh Amendment."). Indeed, the immunity of a state from suit is a privilege which it may waive. The state may waive its immunity by initiating or participating in litigation. Here, the State of Rhode Island has waived its Eleventh Amendment immunity by bringing suit against KLNG in State Court in which it has raised state common law issues specifically related to the proposed KLNG facility along the Providence River. KLNG's defenses to the State Court action, among others, include the same federal preemption arguments KLNG has raised in the Federal Court action in which the State has answered on behalf of the defendants, counterclaimed in the name of the State against KLNG and moved to substitute itself as a party, thus waiving its Eleventh Amendment immunity. Because the State, through its actions in both federal and state court on the same project, involving the same claims, has effectively waived its Eleventh immunity from suit regarding the KLNG project, this action is removable.

4. This Notice of Removal is being filed with this Court within thirty (30) days after KLNG first received a copy of a pleading, amended pleading, motion, order or other paper from which it could first ascertain that the action was removable.

5. Written notice of filing of this Notice of Removal will be given to Plaintiff, and a copy will be filed in the State Court, as required by 28 U.S.C. § 1446(d).

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

6. In filing this Notice of Removal, KLNG does not waive any defenses that may be available to it.

WHEREFORE, Defendant, Keyspan LNG, L.P., respectfully submits that this Notice of Removal complies with the statutory removal requirements and respectfully requests that the action now proceeding against it, entitled *State of Rhode Island v. Keyspan LNG, L.P.*, C.A. No. 05-1896, be removed from the Superior Court of the State of Rhode Island, Providence County, that this action proceed in this Court as a properly removed action and that the Defendant have such other and further relief as this Court may deem just and proper.

Dated: April 22, 2005.

Respectfully Submitted,

**KEYSPAN LNG, L.P.**
By its Attorneys,

Gregory L. Benik, Esq. (#1515)
John P. Walsh (#6709)
HOLLAND & KNIGHT LLP
One Financial Plaza, Suite 1800
Providence, RI 02903
Telephone: (401) 751-8500
Facsimile: (401) 553-6850

Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing was mailed to following on this 22nd day of April, 2005.

**COUNSEL FOR**
**THE STATE OF RHODE ISLAND**
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**
**(Counsel of Record)**

Michael Rubin, Esq. (#3656)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2116

Paul J. Roberti, Esq. (#4447)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2231

**COUNSEL FOR**
**CITY OF WARWICK**
**(Courtesy Copy)**

Peter Ruggiero, Esq. (#5733)
Assistant City Solicitor
Ruggiero, Orton & Brochu
20 Centerville Road
Warwick, RI 02886

**COUNSEL FOR CRMC**
**(Counsel of Record)**

Brian A. Goldman, Esq. (#3940)
681 Smith Street
Providence, RI 02908
(401) 521-4100

**COUNSEL FOR**
**CITY OF EAST PROVIDENCE**
**(Courtesy Copy)**

W. Mark Russo, Esq. (#3937)
Christopher M. Mulhearn
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

William J. Conley, Jr., Esq. (#2149)
City Solicitor – City of East Providence
East Providence City Hall
145 Taunton Avenue
East Providence, RI 02914

**COUNSEL FOR**
**CITY OF PROVIDENCE**
**(Courtesy Copy)**

Adrienne G. Southgate, Esq. (#3363)
Deputy City Solicitor
City of Providence
Department of Law
275 Westminster Street, Suite 200
Providence, RI 02903

rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

# 2783913_v1

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS PAGE 1
RHODE ISLAND JUDICIAL SYSTEMS AND SCIENCES DATE 04/22/2005
SUPERIOR COURT CIVIL INFORMATION SYSTEM

(3)

DOCKET EVENT LISTING

CASE NO.: PC2005 1896 TYPE INJUNCTIVE RELIEF
TITLE: STATE OF RHODE ISLAND V KEYSPAN LNG LP
FILING DATE: 04-14-2005 ASSIGNED TO TRIAL POOL:
DESIGNATED TO ARBITRATION:

| | | | |
|---|---|---|---|
| KEYSPAN LNG LP | BDF | Unknown,Attorney | AOR |
| STATE OF RHODE ISLAND | BPL | Tierney,Terence J | AOR |

| DOC. ID. | DATE | JUDGE | OUTCOME | EFFECTIVE DATE |
|---|---|---|---|---|
| KRH | 04-15-2005 | | | |
| COMPLAINT FILED | | | | |
| JM | 04-22-2005 | | | |
| NOTICE OF REMOVAL | | | | |

True Copy Attest

[signature]

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island