**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **STATE OF RHODE ISLAND**<br><br>**v.**<br><br>**KEYSPAN LNG, L.P.** | **C.A. No. 05-168 S** |

## ANSWER

Defendant, KeySpan LNG, L.P. (hereinafter "KLNG"), answers the Plaintiff's Complaint as follows:

1. KLNG admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. KLNG admits that it is a limited partnership. In further response, KLNG's principal place of business is located at 30 Kennedy Plaza, Providence, RI.

3. KLNG admits that it proposes modifications to an existing federally authorized and regulated interstate liquefied natural gas storage tank and related facilities located at 121 Terminal Road in the City of Providence and intends to use submerged lands under the Providence River adjacent to said location but denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. KLNG admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. KLNG is without sufficient information to either admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint and, therefore, leaves the Plaintiff to its proof thereof. To the extent that a response is required, KLNG admits that there are some contaminated sediments in the Providence River and denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

5

6. KLNG is without sufficient information to either admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint and, therefore, leaves the Plaintiff to its proof thereof. KLNG further answers that, to the extent there are any impacts, the Federal Energy Regulatory Commission ("FERC") is evaluating the same in a regulatory process that preempts any state review of impacts under state law. KLNG admits that there may be impacts that are localized, temporary and short term and are not expected to affect water quality.

7. KLNG is without sufficient information to either admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint and, therefore, leaves the Plaintiff to its proof thereof. KLNG further answers that, to the extent there are any impacts, FERC is evaluating the same in a regulatory process that preempts any state review of impacts under state law. KLNG admits that there may be impacts that are localized, temporary and short term and are not expected to affect water quality. KLNG further answers that any state ownership of submerged lands under the Providence River is subject to paramount federal law and authority.

8. KLNG is without sufficient information to either admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint and, therefore, leaves the Plaintiff to its proof thereof. KLNG further answers that, to the extent that a response is required, KLNG admits that a potential spill or release depending on the types and amounts could adversely impact the surface and/or groundwater in the vicinity and denies all other allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. KLNG admits that any state ownership of submerged lands under the Providence River is subject to paramount federal law and authority and denies the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. KLNG is without sufficient information to either admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint and, therefore, leaves the Plaintiff to its proof thereof. KLNG further answers that, to the extent there are any impacts, FERC is evaluating the same in a regulatory process that preempts any state review of impacts under state law. KLNG admits that there may be impacts that are localized, temporary and short term.

11. KLNG is without sufficient information to either admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint and, therefore, leaves the Plaintiff to its proof thereof. KLNG further answers that, to the extent there are any impacts, FERC is evaluating the same in a regulatory process that preempts any state review of impacts under state law. KLNG admits that there may be impacts that are localized, temporary and short term and are not expected to affect water quality. KLNG further answers that any state ownership of submerged lands under the Providence River is subject to paramount federal law and authority.

12. KLNG is without sufficient information to either admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint and, therefore, leaves the Plaintiff to its proof thereof. To the extent that a response is required, KLNG denies those allegations.

13. KLNG admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. KLNG admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. KLNG admits that the State owns the submerged lands subject to paramount federal law and authority.

16. KLNG denies the allegations contained in Paragraph 16 of Plaintiff's Complaint in that any state procedure and/or ownership is subject to paramount federal law and authority.

17. KLNG denies the allegations contained in Paragraph 17 of Plaintiff's Complaint in that any state procedure and/or ownership is subject to paramount federal law and authority.

KLNG further states that it has filed for approvals under the applicable federal statutes. In addition, KLNG has filed a Category B Assent Application under protest.

18. Paragraph 18 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, KLNG denies those allegations. KLNG further answers that review of impacts under state law are preempted by federal law and that any state procedure and/or ownership is subject to paramount federal law and authority.

19. KLNG denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. KLNG denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. KLNG is without sufficient information to either admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint and, therefore, leaves the Plaintiff to its proof thereof. To the extent that a response is required, KLNG denies those allegations.

22. Paragraph 22 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, KLNG admits that the purpose of an injunction is to preserve status quo and denies the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. KLNG denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. KLNG denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

## AS TO COUNT ONE

"Declaratory Relief in the Nature of a Quiet Title Suit"

25. KLNG incorporates its responses to the allegations contained in Paragraphs 1 through 24 of Plaintiff's Complaint as if fully set forth herein.

26. Paragraph 26 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, KLNG denies those allegations.

**AS TO COUNT TWO**

"Encroachment on Public Right"

27. KLNG incorporates its responses to the allegations contained in Paragraphs 1 through 24 of Plaintiff's Complaint as if fully set forth herein.

28. KLNG denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Paragraph 29 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, KLNG denies those allegations.

**AS TO COUNT THREE**

"Trespass"

30. KLNG incorporates its responses to the allegations contained in Paragraphs 1 through 24 of Plaintiff's Complaint as if fully set forth herein.

31. KLNG denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Paragraph 32 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, KLNG denies those allegations.

**AS TO COUNT FOUR**

"Public Nuisance"

33. KLNG incorporates its responses to the allegations contained in Paragraphs 1 through 24 of Plaintiff's Complaint as if fully set forth herein.

34. KLNG denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Paragraph 35 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, KLNG denies those allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff, by its actions, has waived any claims against KLNG.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of federal preemption.

### FOURTH AFFIRMATIVE DEFENSE

Each purported claim of the Complaint as applied to KLNG is barred because the relief sought therein would pose unreasonable barriers and substantial burdens on interstate commerce in violation of the Commerce Clause of the United States Constitution.

### FIFTH AFFIRMATIVE DEFENSE

KLNG states that to the extent it had any obligations to Plaintiff, such obligations have been fully, properly and completely performed in all respects.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff does not have an Eleventh Amendment defense or Sovereign Immunity.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent that the State has an ownership interest in submerged lands under the Providence River, that interest is subject to paramount federal law and authority.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from bringing these claims.

NINTH AFFIRMATIVE DEFENSE

KLNG intends to add and rely upon such other and further defenses as may become apparent during the discovery of this action, and reserves the right to amend its answer to assert such defenses.

KeySpan LNG, L.P.
By its Attorneys,

Gregory L. Benik, Esq. (R.I. Bar No. 1515)
Holland & Knight LLP
One Financial Plaza
Suite 1800
Providence, RI 02903
(401) 751-8500
(401) 553-6850 fax

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a copy of the foregoing was mailed to following on this 3rd day of May, 2005.

**COUNSEL FOR**
**THE STATE OF RHODE ISLAND**
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

Michael Rubin, Esq. (#3656)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2116

Paul J. Roberti, Esq. (#4447)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2231

Terrence J. Tierney, Esq. (2583)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903

**COUNSEL FOR**
**CITY OF WARWICK**
**(Courtesy Copy)**

Peter Ruggiero, Esq. (#5733)
Assistant City Solicitor
Ruggiero, Orton & Brochu
20 Centerville Road
Warwick, RI 02886

**COUNSEL FOR CRMC**

Brian A. Goldman, Esq. (#3940)
681 Smith Street
Providence, RI 02908
(401) 521-4100

**COUNSEL FOR**
**CITY OF EAST PROVIDENCE**
**(Courtesy Copy)**

W. Mark Russo, Esq. (#3937)
Christopher M. Mulhearn
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

William J. Conley, Jr., Esq. (#2149)
City Solicitor – City of East Providence
East Providence City Hall
145 Taunton Avenue
East Providence, RI 02914

**COUNSEL FOR CITY OF**
**PROVIDENCE**
**(Courtesy Copy)**

Adrienne G. Southgate, Esq. (#3363)
Deputy City Solicitor
City of Providence
Department of Law
275 Westminster Street, Suite 200
Providence, RI 02903

[signature]

# 2814214_v2