**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **STATE OF RHODE ISLAND**<br><br>**v.**<br><br>**KEYSPAN LNG, L.P.** | **C.A. No. 05-168S** |

**KEYSPAN LNG, L.P.'S**
**MOTION TO CONSOLIDATE UNDER FED. R. CIV. P. 42(a)**

Defendant KeySpan LNG, L.P. ("KLNG") moves to consolidate this action, which was timely removed from State Court, with *KeySpan LNG, L.P. v. The Rhode Island Coastal Resources Management Council, et al.* (C.A. No. 05-091S) under Fed. R. Civ. P. 42(a) as both cases involve the same parties and common issues of fact and law[1]. Simply put, both cases involve whether state law, including common and statutory, is preempted by paramount federal law and authority in regard to KLNG's proposed project. Consolidation of both cases will serve the interest of avoiding unnecessary delays and costs in litigating two separate actions on common issues of law and fact. In support of its motion, KLNG relies upon the accompanying memorandum of law in support thereof, which is incorporated herein.

---

[1] KLNG states that there are common parties in both cases. First, KLNG is a party in each case. Second, in *Keyspan LNG, L.P.* (C.A. No. 05-091S), KLNG brought suit against CRMC and its members in their official capacities, but the State of Rhode Island, through the Attorney General's office, answered on behalf of the defendants, asserted a counterclaim in the name of the State, and filed a motion to substitute the State for the CRMC defendants, which motion KLNG has opposed. In the removed state court action, *State of Rhode Island v. Keyspan* (C.A. No. 168S), the State of Rhode Island obviously is the plaintiff.

6

KeySpan LNG, L.P.
By its Attorneys,

Gregory L. Benik, Esq. (R.I. Bar No. 1515)
Holland & Knight LLP
One Financial Plaza
Suite 1800
Providence, RI 02903
(401) 751-8500
(401) 553-6850 fax

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a copy of the foregoing was mailed to following on this 4th day of May, 2005.

**COUNSEL FOR**
**THE STATE OF RHODE ISLAND**
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

Michael Rubin, Esq. (#3656)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2116

Paul J. Roberti, Esq. (#4447)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2231

Terrence J. Tierney, Esq. (2583)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903

**COUNSEL FOR**
**CITY OF WARWICK**
**(Courtesy Copy)**

Peter Ruggiero, Esq. (#5733)
Assistant City Solicitor
Ruggiero, Orton & Brochu
20 Centerville Road
Warwick, RI 02886

**COUNSEL FOR CRMC**

Brian A. Goldman, Esq. (#3940)
681 Smith Street
Providence, RI 02908
(401) 521-4100

**COUNSEL FOR**
**CITY OF EAST PROVIDENCE**
**(Courtesy Copy)**

W. Mark Russo, Esq. (#3937)
Christopher M. Mulhearn
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

William J. Conley, Jr., Esq. (#2149)
City Solicitor – City of East Providence
East Providence City Hall
145 Taunton Avenue
East Providence, RI 02914

**COUNSEL FOR CITY OF PROVIDENCE**
**(Courtesy Copy)**

Adrienne G. Southgate, Esq. (#3363)
Deputy City Solicitor
City of Providence
Department of Law
275 Westminster Street, Suite 200
Providence, RI 02903

[signature]

# 2820767_v1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **STATE OF RHODE ISLAND**<br>**v.**<br>**KEYSPAN LNG, L.P.** | **C.A. No. 05-168S** |

**KEYSPAN LNG, L.P.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO CONSOLIDATE UNDER FED. R. CIV. P. 42(a)**

Defendant KeySpan LNG, L.P. ("KLNG") moves to consolidate its pending federal court action, *KeySpan LNG, L.P. v. The Rhode Island Coastal Resources Management Council, et al.* (C.A. No. 05-091S) ("Federal Court Case") and the removed state court action, *State of Rhode Island v. Keyspan LNG, L.P.* (C.A. No. 05-168S) ("State Court Case") under Fed. R. Civ. P. 42(a). The State and Federal Court Cases involve the same parties and issues of fact and law[1]. Because substantial benefits will accrue from a consolidation, including efficient adjudication of the merits of the cases and the elimination of wasteful duplicative proceedings, KLNG's Motion to Consolidate should be granted.

## I. FACTS

On February 25, 2005, KLNG filed a declaratory judgment action against the Rhode Island Coastal Resources Management Council ("CRMC") and its various members in their official capacities seeking a declaration that the CRMC's Category B Assent Process is

[1] KLNG states that there are common parties in both cases. First, KLNG is a party in each case. Second, in *Keyspan LNG, L.P.* (C.A. No. 05-091S), KLNG brought suit against CRMC and its members in their official capacities, but the State of Rhode Island, through the Attorney General's office, answered on behalf of the defendants, asserted a counterclaim in the name of the State, and filed a motion to substitute the State for the CRMC defendants, which motion KLNG has opposed. In the removed state court action, *State of Rhode Island v. Keyspan* (C.A. No. 168S), the State of Rhode Island obviously is the plaintiff.

preempted by the federal Natural Gas Act ("NGA"), 15 U.S.C. §§ 717 *et seq.*, the recodified federal Natural Gas Pipeline Safety Act ("NGPSA"), 49 U.S.C. §§ 60101 *et seq.* and the federal regulations promulgated thereunder. In response to the Federal Court Case, the State, through the Attorney General, answered and brought a counterclaim seeking declaratory judgment that, among other issues, "KeySpan's attempted implication of subject matter jurisdiction over the water-based aspects of its proposed project without also applying to CRMC for a Category B Assent . . . is illegal and enforceable."[2] KLNG is defending the State's counterclaim on the same grounds of its declaratory action and summary judgment motion, namely that federal law preempts state regulation of its proposed project. To efficiently and promptly litigate the Federal Court Case, the parties entered into a stipulation, which covered, among other issues, a briefing schedule for summary judgment papers. This Court then set a hearing on the motions for summary judgment for May 26, 2005.

While briefing was proceeding in the Federal Court Case, the Attorney General of Rhode Island filed suit against KLNG on April 14, 2005, in Providence Superior Court alleging various causes of action related to KLNG's proposed use of submerged lands in the Providence River for its shipping berth. For example, the Attorney General's suit in Count I seeks declaratory relief "affirming that the State of Rhode Island possesses a seisan in fee title interest in the submerged land which is the subject of [the] lawsuit, in that KeySpan has not obtained a license, permit, lease, or grant from the General Assembly, to use the submerged land from the State of Rhode Island." In addition, the Attorney General's suit contains causes of action for an encroachment on public right (Count II), trespass (Count III) and public nuisance (Count IV) regarding KLNG's

---

2 Another issue in the Federal Court Case involves whether the action against the CRMC and its members in their official capacity is properly before the Court. The Rhode Island Attorney General ("Attorney General") filed a motion to substitute the State as a defendant in the Federal Court Case in an apparent attempt to raise Eleventh Amendment issues. KLNG opposes the State's Motion to Substitute.

proposed use of approximately 450 square feet of submerged lands in the Providence River for driving the piles for its shipping berth.

As explained in its Notice of Removal filed on April 22, 2005, the causes of action in the removed State Court Case are preempted by federal law. Relevant to this Motion to Consolidate, federal law preemption of state law regulation over KLNG's proposed project is precisely the issue raised in the Federal Court Case. Based on the Supremacy Clause of the United States Constitution, KLNG timely removed the State Court Case to this Court. KLNG now seeks to consolidate the removed State Court Case and Federal Court Case as these two proceedings involve the same parties and the same issue of fact and law, which is whether state common and statutory laws are preempted by the various federal acts and regulations governing KLNG's proposed project.

## II. ARGUMENT

Rule 42(a) of the Federal Rules of Civil Procedure states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

To determine whether to order consolidation, a court must first determine whether the various proceedings involve common parties and common issues of fact of law. *In re: PRE Automation, Inc. Securities Litigation*, 145 F. Supp. 2d 138, 140 (D. Ma. 2001). "Consolidation under Rule 42 is proper when 'actions involving a common question of law or fact are pending before the court'." *Storlazzi v. Bakey*, 894 F. Supp. 494 (D. Ma. 1995) (citing Rule 42(a)). If a court determines that the various proceedings have common parties and common questions of law or fact, the court has discretion in weighing the costs and benefits of consolidation to decide whether consolidation is appropriate. *See In re: PRE Automatin*, 145 F. Supp. 2d at 140. "If

those first two steps are resolved in favor of consolidation, the motion to consolidate ordinarily will be granted unless the opposing party shows 'demonstrable prejudice'." *Id.* (citations omitted).

As set forth above, the removed State Court Case and the Federal Court Case involve the same parties. Moreover, both proceedings involve the same questions of law and fact on whether state law is preempted. Given the commonality of parties, facts and law in the two cases, this Court should grant KLNG's Motion to Consolidate. The Attorney General and/or the CRMC and its members in their official capacities cannot demonstrate any prejudice as a result of consolidation. Indeed, to the contrary, consolidation will adjudicate the parties' rights in a just, speedy and cost-effective action. Unnecessary costs and delay will be avoided. Thus, KLNG's Motion to Consolidate under Fed. R. Civ. P. 42(a) should be granted.

## III. <u>CONCLUSION</u>

For the above-stated reasons, KLNG respectfully requests that this Court consolidate the removed State Court Case and the Federal Court Case.

KeySpan LNG, L.P.
By its Attorneys,

Gregory L. Benik, Esq. (R.I. Bar No. 1515)
Holland & Knight LLP
One Financial Plaza
Suite 1800
Providence, RI 02903
(401) 751-8500
(401) 553-6850 fax

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing was mailed to following on this 4th day of May, 2005.

**COUNSEL FOR**
**THE STATE OF RHODE ISLAND**
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

Michael Rubin, Esq. (#3656)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2116

Paul J. Roberti, Esq. (#4447)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2231

Terrence J. Tierney, Esq. (2583)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903

**COUNSEL FOR**
**CITY OF WARWICK**
**(Courtesy Copy)**

Peter Ruggiero, Esq. (#5733)
Assistant City Solicitor
Ruggiero, Orton & Brochu
20 Centerville Road
Warwick, RI 02886

**COUNSEL FOR CRMC**

Brian A. Goldman, Esq. (#3940)
681 Smith Street
Providence, RI 02908
(401) 521-4100

**COUNSEL FOR**
**CITY OF EAST PROVIDENCE**
**(Courtesy Copy)**

W. Mark Russo, Esq. (#3937)
Christopher M. Mulhearn
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

William J. Conley, Jr., Esq. (#2149)
City Solicitor – City of East Providence
East Providence City Hall
145 Taunton Avenue
East Providence, RI 02914

**COUNSEL FOR CITY OF**
**PROVIDENCE**
**(Courtesy Copy)**

Adrienne G. Southgate, Esq. (#3363)
Deputy City Solicitor
City of Providence
Department of Law
275 Westminster Street, Suite 200
Providence, RI 02903

LD Verdecchia
______________________________

# 2814079_v1