UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF RHODE ISLAND<br><br>v.<br><br>KEYSPAN LNG, L.P. | C.A. No. 05-168S |

**DEFENDANT'S, KEYSPAN LNG, L.P.,**
**MOTION FOR SUMMARY JUDGMENT**

Defendant, Keyspan LNG, L.P., pursuant to Fed. R. Civ. P. 56, hereby moves for summary judgment in its favor with respect to all claims raised in the Plaintiff's Complaint. As detailed in Defendant's accompanying Memorandum, summary judgment is appropriate because there are no genuine issues of material fact and as a matter of law: (1) the Rhode Island Coastal Resources Management Program Category B Assent process is preempted by federal law and, as such, Plaintiff is not required to obtain a Category B Assent; (2) the State's rights in and ownership of submerged land is subject to the federal government's paramount right to regulate such land for the constitutional purpose of commerce; and (3) if FERC authorizes KLNG to construct its proposed Project, it will be exercising that paramount right to authorize KLNG's use of such land for the constitutional purposes of interstate and foreign commerce. For these reasons, the Defendant's motion for summary judgment should be granted.

(1)

Respectfully Submitted,

**KEYSPAN LNG, L.P.**
By its Attorneys,

Gregory L. Benik, Esq. (#1515)
John P. Walsh (#6709)
HOLLAND & KNIGHT LLP
One Financial Plaza, Suite 1800
Providence, RI 02903
Telephone: (401) 751-8500
Facsimile: (401) 553-6850

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a copy of the foregoing was mailed to following on this 11th day of May, 2005.

**COUNSEL FOR**
**THE STATE OF RHODE ISLAND**
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

Michael Rubin, Esq. (#3656)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2116

Paul J. Roberti, Esq. (#4447)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2231

Terrence J. Tierney, Esq. (2583)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903

**COUNSEL FOR**
**CITY OF WARWICK**
**(Courtesy Copy)**

Peter Ruggiero, Esq. (#5733)
Assistant City Solicitor
Ruggiero, Orton & Brochu
20 Centerville Road
Warwick, RI 02886

**COUNSEL FOR CRMC**

Brian A. Goldman, Esq. (#3940)
681 Smith Street
Providence, RI 02908
(401) 521-4100

**COUNSEL FOR**
**CITY OF EAST PROVIDENCE**
**(Courtesy Copy)**

W. Mark Russo, Esq. (#3937)
Christopher M. Mulhearn
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

William J. Conley, Jr., Esq. (#2149)
City Solicitor – City of East Providence
East Providence City Hall
145 Taunton Avenue
East Providence, RI 02914

**COUNSEL FOR CITY OF PROVIDENCE**
**(Courtesy Copy)**

Adrienne G. Southgate, Esq. (#3363)
Deputy City Solicitor
City of Providence
Department of Law
275 Westminster Street, Suite 200
Providence, RI 02903

[signature]

# Keyspan M_vSummary Judgment CA No. 05-168S

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **STATE OF RHODE ISLAND** | |
| **v.** | **C.A. No. 05-168S** |
| **KEYSPAN LNG, L.P.** | |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**OF DEFENDANT KEYSPAN LNG, L.P.**

## I. Introduction

The State of Rhode Island's ("State") Complaint raises only one issue – an issue pending before this Court in *KeySpan LNG, L.P. v. Rhode Island Coastal Resources Management Counsel, et al.* (D.R.I.) (C.A. No. 05-091S) (the "Federal Court action") – whether KeySpan LNG, L.P., ("KLNG") is required to obtain the State's consent before it can construct its Project on State-owned submerged land. As it explained in the Federal Court action, KLNG is not required to do so because: (1) the Category B Assent process is preempted by federal law; (2) the State's rights in and ownership of submerged land is subject to the federal government's paramount right to regulate such land for the constitutional purpose of commerce; and (3) if FERC authorizes KLNG to construct its proposed Project, it will be exercising that paramount right to authorize KLNG's use of such land for the constitutional purposes of interstate and foreign commerce.[1]

[1] These issues are also examined in the memoranda that KLNG submitted in support of its motions for summary judgment in the Federal Court action on April 18, 2005 and May 2, 2005,[1] and in its Notice of Removal ("Notice") in this proceeding. KLNG hereby incorporates those pleadings by reference as if fully set forth herein, and particularly calls the Court's attention to pages 1 to 12 of KLNG's May 2, 2005 Memorandum, which responded to the claims made by the State in its memorandum in support of summary judgment.

## II. The State's Claims Are Without Legal Basis And Preempted By Federal Law

The State seeks: (1) a declaratory judgment to establish its fee title interest in 450 square feet of submerged land under the Providence River on which KLNG proposes to construct a pier and (2) injunctive relief, based on claims of trespass, encroachment on public rights and public nuisance, to prevent KLNG from constructing on that land without "Assent" of the Rhode Island Coastal Resources Management Council ("CRMC") or a resolution of the General Assembly.[2] These claims are based on the assumption that KLNG must obtain State consent before undertaking activity on the submerged land. The only means by which KLNG can obtain such consent is through the State's Category B Assent process,[3] which is largely duplicative of the review undertaken by the Federal Energy Regulatory Commission ("FERC") under the Natural Gas Act ("NGA"),[4] the Natural Gas Pipeline Safety Act ("NGPSA")[5] and the federal regulations promulgated thereunder, which provide FERC with comprehensive and exclusive authority to regulate facilities used in the transportation and sale of natural gas in interstate and foreign commerce. Because FERC has exclusive jurisdiction, and requiring KLNG to obtain State consent would confer on the State the power to nullify FERC's decision regarding KLNG's Project, the Category B Assent process is preempted. KLNG is not, therefore, required to obtain such an Assent, and the State's common law claims, which are based on the assumption that such consent is required, are baseless and preempted.[6]

---

2 Complaint at 1, 3 ¶ 16, 4 ¶24.

3 *Id.* at 3 ¶ 16, 4 ¶24.

4 15 U.S.C. §§ 717 *et seq.*

5 49 U.S.C §§ 60101 *et seq.*

6 As a result, any effort by the State to seek injunctive relief will fail because there is no likelihood of success on the merits.

**A. FERC Has Exclusive Jurisdiction Over The Transportation And Sale Of Natural Gas For Resale In Interstate And Foreign Commerce And The Facilities Associated Therewith**

The NGA and NGPSA have long been recognized as a "comprehensive scheme of federal regulation" that confer upon FERC "exclusive jurisdiction" over the transportation and sale of natural gas for resale in interstate and foreign commerce.[7] They specifically regulate the siting, construction, operation and safety of natural gas facilities and preempt state laws and regulations that attempt to regulate such matters. *National Fuel Gas Supply Corp. v. Pub. Serv. Comm'n of NY,* 894 F.2d 571, 576-77 (2d Cir.), *cert. denied*, 497 U.S. 1004 (1990).[8] As this Court has observed:

> That regulatory scheme governs virtually every aspect of the transportation and sale of natural gas. It includes provisions for determining the price at which natural gas may be sold, whether natural gas facilities may be built or modified, where they may be located, the methods by which they are constructed, and the safety standards that must be observed. *See, e.g., Schneidwind*, 485 U.S. at 306 (Michigan cannot regulate rates charged for natural gas); *National Fuel Gas Supply Corp. v. Public Service Commission*, 894 F.2d 571, 579 (2d Cir. 1990) (New York may not engage in site-specific environmental review of facilities); *ANR Pipeline Co. v. Iowa State Commerce Commission*, 828 F.2d 465, 470 (8th Cir. 1987) (Iowa may not impose its own safety standards on facilities); *Northern Border Pipeline Co. v. Jackson County*, 512 F. Supp. 1261, 1263 (D. Minn. 1981) (invalidating zoning requirement that pipeline must be buried six feet underground).

*Algonquin LNG v. Loqa*, 79 F. Supp. 2d at 51.

---

7 *Schneidewind v. ANR Pipeline Co.*, 485 U.S. 293, 300-01 (1988); *Algonquin LNG v. Loqa*, 79 F. Supp. 2d 49, 51 (D.R.I. 2000); *Sound Energy Solutions*, 106 FERC ¶ 61,279 PP 21-27 (2004).

8 *See also Northern Natural Gas Co. v. Iowa Utils. Bd.*, 377 F.3d 817, 824 (8th Cir. 2004) (state land use and restoration regulation preempted); *Kern River Gas Transm. v. Clark County, Nev.*, 757 F. Supp. 1110, 1115 (D. Nev. 1990) (local government safety standards cannot be applied to an interstate pipeline if they conflict with FERC requirements or would unduly delay or encumber its construction); *No. Tanks Inc. v. Pub. Util. Comm'n*, 697 A.2d 1313, 1315-16 (Me. 1997) (the Public Utility Commission correctly ruled that it has no authority to adjudicate safety and environmental issues related to an LNG facility because such issues are regulated by federal law).

### B. The Category B Assent Process is Preempted by Federal Law

The Category B Assent process is a duplicative state procedure that is subject to state appellate review and, absent the agreement of the State, unconstrained as to time. In *National Fuel*, the court held that the NGA preempted a state permitting requirement because the state could not undertake a "concurrent site-specific environmental review." *National Fuel*, 894 F.2d at 579. Similarly, in *Algonquin LNG*, this Court rejected a city's attempted application of local building and zoning code requirements to proposed modifications of the Algonquin LNG facility (now the KLNG facility), holding that "Congress clearly has manifested an intent to occupy the field and has preempted local zoning ordinances and building codes to the extent that they purport to regulate matters addressed by federal law." *Algonquin LNG*, 79 F. Supp. 2d at 52. This Court added:

> subjecting the project to regulation under the ordinance would be tantamount to conferring on the City the power to review and nullify FERC's decision regarding the modification of a facility used in the interstate transportation and sale of natural gas. The inevitable result would be to delay or prevent completion of the project, thereby presenting an obstacle to accomplishing the important federal purpose of ensuring that adequate and affordable natural gas is provided to home owners and businesses. Therefore, the ordinance and any licensing requirements contingent upon compliance with it are preempted by federal law.

*Id.*

KLNG has submitted thousands of pages of documents, reports, and maps providing detailed information to FERC about the need for the Project; its engineering and construction plans; safety and security measures to be taken regarding the facility and the LNG vessels calling there; possible alternatives; and possible environmental impacts on air, water, marine life, land use, recreation, and aesthetics. FERC has conducted a comprehensive environmental and safety review and has investigated the concerns raised by government entities, elected officials, individuals, and organizations. The State, therefore, cannot engage in a concurrent review of

need, safety and environmental impacts, and compliance with local zoning, building and fire code requirements, which it would consider as part of its Category B Assent process. *See National Fuel,* 894 F.2d at 579. To the contrary, the Category B Assent process is preempted and, accordingly, KLNG cannot be required to comply with it.

**C. The State's Common Law Claims Are Preempted by Federal Law**

Because KLNG cannot be required to obtain State consent to construct a federally authorized facility on submerged land, there is no legal basis for the State's common law claims, which are based upon the assumption that KLNG must obtain such consent. In addition, the State's claims are themselves preempted. As explained in the Notice, the doctrine of conflict preemption applies whenever a state law, regulation or common law rule is an "obstacle to the accomplishment and execution of the full purposes and objectives of Congress."[9] A state law must be invalidated when it conflicts with a federal statute or a federal regulation promulgated by a federal agency.[10] Preemption also applies to any state common law rule – including a rule of state tort law – that conflicts with federal law.[11]

Because FERC specifically regulates natural gas facilities, State laws that attempt to regulate such matter are preempted. Thus, as in the Federal Court action, the State's claims are preempted because they would subject the Project to conflicting State regulation, would permit the State to nullify FERC's decision, and could delay or prevent completion of a Project authorized by FERC as consistent with the public interest, thereby presenting an obstacle to accomplishing the important federal purpose of ensuring adequate and affordable natural gas

---

[9] *See Capital Cities Cable v. Crisp*, 467 U.S. 691, 699 (1984) (citation omitted); *Fry v. Allergan Medical Optics*, 695 A.2d 511, 514 (R.I. 1997); *see also Wood v. General Motors Corp.*, 865 F.2d 395, 401, 412, 414 (1st Cir. 1988), *cert. denied*, 494 U.S. 1065 (1990).

[10] *Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153 (1982).

[11] *Geier v. American Honda Motor Co.*, 529 U.S. 861, 881 (2000); *Fry,* 695 A.2d at 514; *Wood*, 865 F.2d at 401, 412, 414.

supplies to Rhode Island and the New England region. *See Algonquin LNG,* 79 F. Supp. 2d at 52.[12]

## III. KLNG Need Not Obtain State Consent To Use State-Owned Submerged Land For A Project Authorized by FERC Because The State's Rights In And Control Over That Land Are Subject To Paramount Rights Of The Federal Government

The State asserts that Rhode Island has a sovereign ownership interest in the submerged lands under the Providence River where KLNG will drive piles to support its proposed vessel berth.[13] It maintains that, because KLNG does not intend to obtain the State's consent to use this land through the Category B Assent process, activities that KLNG proposes to undertake in the submerged lands adjacent to its facility in accordance with the terms of any FERC authorization will constitute a trespass, an encroachment on public rights and a public nuisance.

KLNG does not dispute the fact that the State holds title to the submerged lands at issue. There are, however, well-established limitations on state ownership of submerged lands under both common law and under the Submerged Lands Act, 43 U.S.C. §§ 1301 *et seq.* ("SLA"), *i.e.*, that the states hold title to such land subject to the federal Government's paramount "rights in and powers of regulation and control of said lands and navigable waters for the constitutional purposes of commerce."[14] In addition, § 1314(a) of the SLA "makes it clear

---

12 *See also Sayles Hydro Ass'n v. Maughan,* 985 F.2d 451, 456 (9th Cir. 1993) (finding that the state process would be an obstacle to the accomplishment of the full purposes and objectives of Congress in authorizing FERC to license a hydroelectric project to proceed with construction); *NE Hub Partners, L.P. v. CNG Transm'n. Corp.*, 239 F.3d 333, 346, 348 (3d Cir. 2001) (noting that the need for an applicant to participate in a state regulatory process in conflict with federal policy is a hardship, and that a state regulatory process may be preempted by conflict with federal law).

13 *See* Complaint at 3, ¶ 15.

14 43 U.S.C. § 1314(a); *see, e.g., Shively v. Bowlby*, 152 U.S. 1, 57 (1894); *Greater Providence Chamber of Commerce v. Rhode Island*, 657 A.2d 1038, 1042 (R.I. 1995). *See also Idaho v. Coeur d'Alene Tribe Of Idaho*, 521 U.S. 261, 283 (1997) ("each of the Thirteen Colonies . . . hold the absolute right to all their navigable waters and the

that Congress intended to and did retain all its constitutional powers over commerce and did not relinquish certain portions of the power by specifically reserving others." *Zabel v. Tabb*, 430 F.2d 199, 206 (5th Cir, 1970) (citing 43 U.SC. § 1314(a)).

In *Douglas v. Seacoast Products*, 431 U.S. 265 (1977), the Court held that a federal license to catch fish could not be restricted or preempted by the denial of a state license. It stated:

> The Submerged Lands Act does give the States "title," "ownership," and "the right and power to manage, administer, lease, develop and use" the lands beneath the oceans and natural resources in the waters within state territorial jurisdiction. 43 U.S.C. § 1311(a). But when Congress made this grant pursuant to the Property Clause of the Constitution, . . . it expressly retained for the United States "all constitutional powers of regulation and control" over these lands and waters "for purposes of commerce, navigation, national defense, and international affairs.". . . Since the grant of the [federal] fisheries license is made pursuant to the commerce power, . . . the Submerged Lands Act did not alter its preemptive effect. Certainly Congress did not repeal by implication, in the broad language of the Submerged Lands Act, the Licensing Act requirement of equal treatment for federal licensees.

*Id.* at 283-84 (citations omitted).

It is beyond dispute that the importation and transportation of natural gas from state-to-state is in foreign and interstate commerce, and that Congress exercised its power over the transportation and sale of gas in interstate and foreign commerce by enacting the preemptive NGA.[15] Thus, the State's rights in and control over the lands under the Providence River can be exercised only consistent with the NGA and any FERC orders regarding KLNG's Project. Stated differently, there is no validity to the notion that the State can use its title to a submerged parcel of land to block or otherwise regulate a project authorized under preemptive federal law.

---

soils under them . . . *subject only to the rights since surrendered by the Constitution to the general government.")* (citations omitted, emphasis added).

15 *See Thatcher v. Tennessee Gas Transm. Co.*, 180 F.2d 644, 646 (5th Cir. 1950), *cert. denied*, 340 U.S. 829 (1950).

If FERC authorizes the proposed Project, it will do so as an exercise of the federal government's paramount right to regulate the transmission and sale of natural gas in interstate and foreign commerce, and only after determining that the Project is consistent with the public interest.[16] The State may appeal FERC's decision to a U.S. Circuit Court, but it cannot block the Project by denying KLNG the right to use a small portion of the Providence River adjacent to KLNG's facility to construct the berth necessary for Project.[17] As explained above, the State is preempted from so doing under the NGA. *See Schneidewind,* 485 U.S. at 300-01. Congress placed ultimate authority for determining the location of interstate and foreign facilities with FERC, "a federal body that can make choices in the interest of energy consumers nationally." *National Fuel*, 894 F.2d at 579. Nor does KLNG require eminent domain authority to obtain use of the land. In authorizing KLNG's Project, the federal government, through FERC, will have exercised the rights reserved to it under the SLA, and authorized KLNG's use of the land at issue. Accordingly, KLNG is not required to obtain permission from the State to use the land for the purpose of constructing the berth.[18]

Even if the State's ownership interest in the parcel of submerged land was not subject to a paramount federal interest, the State's ownership position would not give it the power to engage in a comprehensive review of the entire project under state law, nor would it put the State

---

16 *See* 15 U.S.C. § 717b(a); *see, e.g., Sabine Pass LNG, L.P.,* 109 FERC ¶ 61,324 at P 61 (2004) (LNG import terminal is in the public interest under section 3); *Freeport LNG Dev., L.P.*, 107 FERC ¶61,278 at P 20 (2004) (LNG terminal consistent with public interest). Thus, the State's ability to protect the public trust is not harmed.

17 KLNG would not, of course, have the authority to construct its Project until it has all other *necessary* governmental authorizations, *e.g.*, a CZMA consistency certification or an override of the State's denial of such certification.

18 *See Iroquois Gas Transm. Sys., L.P.*, 52 FERC ¶ 61,091, at 61,403-04 (1990) (a New York state constitutional provision that would have prohibited the taking of State Reforestation Land for a pipeline was preempted by the NGA, which vests in FERC sole authority for determining an interstate pipeline route); *Iroquois Gas Transm. Sys., L.P.*, 59 FERC ¶61,094, at 61,346-47 (1992) (FERC's policy of encouraging cooperation with state agencies on siting matters, *inter alia*, "does not mean that those agencies may undermine through their regulatory requirements, the force and effect of a certificate issued by the Commission").

in a position to deny a federally approved project. The most that could be required would be to determine the just compensation owed to the State for use of the land. Because KLNG is not required to obtain the State's consent to use the State-owned submerged land at issue here, the State's common law claims, which are based on the absence of State consent and would permit the State to delay or obstruct a federally authorized Project, are without legal basis and preempted.

## IV. Conclusion

Because there are no genuine issues of fact and for the reasons stated above, KLNG's motion for summary judgment should be granted.

Respectfully Submitted,

**KEYSPAN LNG, L.P.**

By its Attorneys,

Gregory L. Benik, Esq. (#1515)
John P. Walsh (#6709)
HOLLAND & KNIGHT LLP
One Financial Plaza, Suite 1800
Providence, RI 02903
Telephone: (401) 751-8500
Facsimile: (401) 553-6850

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing was mailed to following on this 11th day of May, 2005.

**COUNSEL FOR**
**THE STATE OF RHODE ISLAND**
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

Michael Rubin, Esq. (#3656)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2116

Paul J. Roberti, Esq. (#4447)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400 x2231

Terrence J. Tierney, Esq. (2583)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903

**COUNSEL FOR**
**CITY OF WARWICK**
**(Courtesy Copy)**

Peter Ruggiero, Esq. (#5733)
Assistant City Solicitor
Ruggiero, Orton & Brochu
20 Centerville Road
Warwick, RI 02886

**COUNSEL FOR CRMC**

Brian A. Goldman, Esq. (#3940)
681 Smith Street
Providence, RI 02908
(401) 521-4100

**COUNSEL FOR**
**CITY OF EAST PROVIDENCE**
**(Courtesy Copy)**

W. Mark Russo, Esq. (#3937)
Christopher M. Mulhearn
Ferrucci Russo, P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

William J. Conley, Jr., Esq. (#2149)
City Solicitor – City of East Providence
East Providence City Hall
145 Taunton Avenue
East Providence, RI 02914

**COUNSEL FOR CITY OF PROVIDENCE**
**(Courtesy Copy)**

Adrienne G. Southgate, Esq. (#3363)
Deputy City Solicitor
City of Providence
Department of Law
275 Westminster Street, Suite 200
Providence, RI 02903

[signature]

# 2838491_v1